CASE 99—MOTION BY BANKRUPT TO STAY PROCEEDINGS—
NOVEMBER 23.

## Smith v. Meisenheimer, Etc.

MOTION TO STAY PROCEEDINGS ON AN APPEAL FROM DAVIESS CIRCUIT
COURT.

BANKRUPTCY—MOTION TO STAY PROCEEDINGS IN COURT OF APPEALS.
—The appellee, who was adjudged a bankrupt, October 14, 1898,
moves this court to stay proceedings on an appeal from a judg-
ment rendered more than four months before that date until
the appellee be granted his discharge, and then for a final
dismissal of the appeal. The judgment appealed from dis-
missed an action brought to subject the property of appellee's
wife to the payment of appellee's debt. It is held by the court
that the motion be denied because while the judgment ap-
pealed from remains unreversed the property sought to be sub-
jected can be reached neither by the plaintiff (appellant) nor
by the appellee's assignee in bankruptcy.

ROBT. S. TODD FOR APPELLEE AND FOR THE MOTION.

(No brief on the motion.)

WALKER & SLACK FOR APPELLANT.

(No brief on the motion.)

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellee George P. Meisenheimer moves that all pro-
ceedings in this action be stayed for a period of twelve
months from October 14, 1898, or until he has been granted
a discharge in bankruptcy, and then that this appeal be
dismissed. The ground of his motion is that October 14,
1898, he filed in the district court of the United States, for
the district of Kentucky, a petition to be adjudged a bank-
rupt, and on the same day it was adjudged he had become
a bankrupt, in meaning of "An act to establish a uniform
system of bankruptcy throughout the United States," ap-
proved July 1, 1898. The action in which the judgment ap-

[ 48 ]

pealed from was rendered was brought by appellant, Smith, May 24, 1897, jointly against George P. Meisenheimer and his wife, Mary Meisenheimer, to subject to the satisfaction of a personal judgment against him, for various sums of money, certain property claimed by her, but alleged in the petition to really belong to him, and to be liable for said debt. An attachment was also asked to be levied on said property. By the judgment appealed from, the action was dimissed, which was tantamount to a refusal of the lower court to subject the property of Mary Meisenheimer to satisfaction of appellant's debts, though the validity of the previous judgment was not denied or put in issue.

The only provisions of the act of Congress establishing a uniform system of bankruptcy throughout the United States under which the proceedings in the appeal before this court could or should be stayed, as asked by appellee, George P. Meisenheimer, are contained in section 67 of that act. It is there provided that a lien created by or obtained in or pursuant to any suit or proceeding at law or in equity, including an attachment upon *mesne* process, or a judgment by confession, which was begun against a person within four months before the filing of a petition in bankruptcy by or against such person, shall be dissolved by the adjudication of such person to be a bankrupt. There are recited in that section severa. conditions upon which application of that provision are made to depend. But it is necessary that only one of them be referred to, viz., that one which prescribes four months before filing of the petition in bankruptcy as the period within which a suit or proceeding to fix or enforce a lien must have been commenced in order that adjudication in bankruptcy may operate as a dissolution of the lien. Neither the action to subject the property in question was begun, nor the

judgment appealed from rendered, within four months before filing of the petition in bankruptcy by appellee, George P. Meisenheimer.    Consequently, the bankrupt act does not apply in this case.    Besides, the property upon which the attachment lien was in the present action sought to be fixed and enforced was not claimed by, or adjudged by the lower court to belong to, George P. Meisenheimer, but to his wife, Mary Meisenheimer.    And, while that judgment remains unreversed by this court, the property in litigation can not be made subject to the payment of the debt of appellant, however just may be his claim, nor even reached by the assignee in bankruptcy.    Therefore, to stay proceedings on this appeal, and ultimately dismiss it, as asked by appellee, would result in preventing final and complete adjudication of the claim of appellant, and be practically a denial of justice.    Wherefore the motion is overruled.